IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-01483-LTB

IN RE:

JEFFREY SHAWN REGAN and
KERRIE MARIE REGAN,

       Debtors.

FOWLER & PETH, INC.,

       Plaintiff/Appellee

v.

JEFFREY SHAWN REGAN and
KERRIE MARIE REGAN,

       Defendants/Appellants.

_____

ORDER
_____

This case is before me on mandate from the Tenth Circuit Court of Appeals which reversed my Memorandum Opinion and Order dated May 27, 2005 and the Judgment dated June 3, 2005 and remanded the case for further proceedings. Upon further review and consistent with the mandate, I affirm theUnited States Bankruptcy Court for the District of Colorado's Order and Memorandum Opinion Determining Debt to be Nondischargeable dated July 6, 2004 and published at *In re Regan,* 311 B.R. 271 (Bankr. D. Colo. 2004) (the "Bankruptcy Court Order").

**I. Background**

As previously set forth, the following facts were either stipulated to by the parties or found by the bankruptcy court and not challenged on appeal.

Appellants Jeffrey Shawn Regan and Kerrie Marie Regan (the "Regans") were the sole owners and officers of Eagle Roofing Systems, Inc. ("Eagle"), a delinquent Colorado corporation that installed and repaired roofs. As Eagle's sole owners and officers, the Regans controlled Eagle's cash flow and made all of its financial decisions.

Pursuant to a credit agreement, Eagle purchased roofing materials from Appellee Fowler & Peth, Inc. ("Fowler") for use in various construction projects. When Eagle began to experience significant financial difficulties in the year 2000, it began paying invoices from its suppliers, including Fowler, based on the date of the invoices with the oldest invoices being paid first. Monies paid to Eagle for work on specific properties were also used to pay the Regans' personal living expenses and other general expenses of Eagle. As a result of these practices, Fowler was not fully paid for supplies delivered to Eagle even though Eagle was fully compensated for its work on the properties into which Fowler's supplies were incorporated. Thus, as of the date the Regans' filed their Chapter 7 Bankruptcy Petition, Eagle owed Fowler $48,185.03 (the "Debt").

Fowler did not file liens against any of the properties into which its supplies were incorporated. Fowler did, however, commence an adversary action against the Regans in which it asserted that the Regans should be held personally liable for the Debt and that the Debt was nondischargeable. Following a trial, the bankruptcy court agreed and ordered that the Debt was nondischargeable in the Regans' bankruptcy case.

The Regans then appealed the Bankruptcy Court's Order on three grounds. First, the Regans argued that the the bankruptcy court erred in concluding that Colorado's Mechanics' Lien Trust Fund Statute, C.R.S. § 38-27-127, (the "Trust Fund Statute") was applicable and created a fiduciary relationship between Eagle and Fowler. Second, the Regans argued that the bankruptcy

2

court erred in concluding that a defalcation had been committed. Third, the Regans argued that the bankruptcy court erred in concluding that they were personally liable for the Debt.

Because I resolved the first issue on appeal in the Regans' favor in my May 27, 2005 Memorandum Opinion and Order, it was unnecessary for me to address the remaining two issues raised by the Regans at that time. In view of the mandate from the Tenth Circuit Court of Appeals, however, it is now incumbent upon me to do so.

### III. Standard of Review

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Fed. Bankr. R. 8013. Factual findings are reviewed under the clearly erroneous standard while conclusions of law are reviewed *de novo. See Sender v. Johnson*, 84 F.3d 1267, 1268 (10th Cir.1996); *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988).

### IV. Analysis

**A. The Bankruptcy Court's Conclusion that a Defalcation Had Been Committed**

The bankruptcy court's finding that the Debt was nondischargeable in the Regans' bankruptcy case was predicated on 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides that an individual debtor is not discharged from any debt for defalcation while acting in a fiduciary capacity. Accordingly, after determining that a fiduciary relationship existed between Eagle and Fowler pursuant to the Trust Fund Statute, the bankruptcy court next had to determine whether Eagle committed a defalcation. In making this determination, the bankruptcy court relied on the definition of defalcation set forth in *In re Storie,* 216 B.R. 283 (10th Cir. BAP 1997). That is, defalcation is "a fiduciary-debtor's failure to account for funds that have been entrusted to it due

to any breach of fiduciary duty, whether intentional, wilful, reckless, or negligent." *Id.* at 288.

On appeal, the Regans do not dispute that the bankruptcy court utilized the appropriate framework for determining whether a defalcation had been committed. Instead, the Regans argue that the bankruptcy court erred in its analysis of this issue by failing to take into account that although they admittedly used payments received from project owners for personal and other expenses, all of these expenses were reconciled at the end of the calendar year. I agree, however, with the bankruptcy court's conclusion that the fact of this reconciliation was irrelevant and did not alter the fact that Eagle used money it was required t hold in trust under the Trust Fund Statute for purposes other than payment to Fowler. I likewise reject the Regans' argument that the bankruptcy court's conclusion that a defalcation occurred in this case should be reversed based on its potentially far reaching consequences and conclude that the bankruptcy court did not err in concluding that Eagel committed a defalcation.

## B. The Bankruptcy Court's Conclusion that the Regans Were Personally Liable for the Debt

The Regans' appeal of the bankruptcy court's imposition of personal liability on them for the Debt is largely predicated on a mischaracterization of the basis for this decision. Specifically, the Regans argue that the bankruptcy court's conclusion regarding their liability was based upon a piercing of the corporate veil and that the bankruptcy court erred in failing to analyze the eight factors set forth in *Leonard v. McMorris,* 63 P.3d 323 (Colo. 2003) for application of this doctrine. Careful review of the bankruptcy court's holding regarding the Regans' personal liability reveals, however, that it was instead predicated on the Regans' direct conduct in breaching the statutory trust created under the Trust Fund Statute. Consequently, the bankruptcy

4

court did not err in failing to analyze the factors set forth in *McMorris* for piercing the corporate veil.

In support of its conclusion that the Regans were personally liable for the Debt, the bankruptcy court cited a number of cases from the Colorado Court of Appeals and other courts recognizing personal liability for corporate officers under the Trust Fund Statute and other similar statutes under circumstances similar to those present here. *See e.g. Flooring Design Assoc., Inc. v. Novick,* 923 P.2d 216, 221 (Colo. App. 1991). Nonetheless, the Regans argue that *McMorris* dictates a contrary result. I disagree.

In concluding that the Regans were personally liable for the Debt, the bankruptcy court directly addressed *McMorris,* wherein the Colorado Supreme Court held that the officers of a corporation cannot be held personally liable for employee wages under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. In particular, the bankruptcy court noted that although the Colorado Supreme Court stressed the importance of maintaining the corporate shield that protects corporate officers and directors from liability in *McMorris*, it also recognized that personal liability is appropriate under "extraordinary circumstances." The bankruptcy court then proceeded to analyze whether the breach of the fiduciary duty implicit in the Trust Fund Statute constituted one of the "extraordinary circumstances" under which corporate officers and directors could be held personally liable. In answering this question in the affirmative, the bankruptcy court further noted that the Colorado legislature had amended the Trust Fund Statute in recent years and implicitly approved its construction in the earlier opinions of the Colorado Court of Appeals by not including a limitation on liability for corporate officers and directors.

I agree with the bankruptcy court's analysis of this issue and conclude that there is nothing in *McMorris* to suggest that its limitation on liability for corporate officers under the Colorado Wage Claim Act, C.R.S. § 8-4-101, et seq., was to be extended to the Trust Fund Statute in derogation of the previous decisions of the Colorado Court of Appeals.  I therefore further conclude that the bankruptcy court did not err in concluding that the Regans were personally liable for the Debt.

For the reasons set forth above, IT IS ORDERED that United States Bankruptcy Court for the District of Colorado's Order and Memorandum Opinion Determining Debt to be Nondischargeable dated July 6, 2004 is AFFIRMED.

Dated: May   4  , 2007 in Denver, Colorado.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, CHIEF JUDGE